25 C.C.P.A. (Patents)

### VAN HULST v. SULLIVAN.

Patent Appeal No. 3864.

Court of Customs and Patent Appeals.

Dec. 23, 1937.

Charles M. Thomas, Francis D. Thomas, and Samuel Stearman, all of Washington, D. C., for appellant.

George P. Kimmel, of Washington, D. C. (A. Harry Crowell, of Washington, D. C., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office awarding priority to the party Sullivan upon three counts of an interference declared between Sullivan's application for patent, filed August 11, 1931, and an application of the party Van Hulst, filed April 26, 1933, as a continuation in part of another application filed October 24, 1932.

The counts at issue are numbered 1, 4 and 5. They read:

"1. A process for making impervious of fixing pervious or loose sub-soil layers, such as sand soils, and other porous masses, which consists in causing an aqueous dispersion of a bituminous substance to penetrate into the soil or mass to be treated."

"4. A process for solidifying soil in the vicinity of an oil well, which comprises causing an aqueous bituminous dispersion to penetrate into the soil to be solidified.

"5. A process for solidifying subsurface soil in the vicinity of an oil well, which comprises causing an aqueous bituminous dispersion to penetrate into the soil to be solidified and to coagulate therein."

The counts originated as claims in the Van Hulst application. As declared, the interference involved five counts. As presented before the Examiner of Interferences issues as to the date of conception and diligence on the part of Van Hulst were involved, but as the matter comes before us those issues are no longer in the case and the sole question to be determined here is whether the Sullivan application supports the counts, this question having been raised by Van Hulst's motion to dissolve.

It may be said that the Examiner of Interferences awarded priority upon counts 2 and 3 to Sullivan, but the Board reversed his decision as to those, and from this part of the Board's decision no appeal

was taken. So, those counts are not here involved.

Each of the counts at issue relates to a method for rendering porous subsoil formations impervious to the escape of water and gas. Each of the applicants in his specification suggests the use of his process in oil well drilling when muds are utilized.

The contention on behalf of appellant is, in substance, that Sullivan does not meet that requirement of the counts, as expressed in count 1, " * * * causing an aqueous dispersion of a bituminous substance to penetrate into the soil or mass to be treated."

It is pointed out that Van Hulst's specification recites: "The process according to the invention essentially consists in that an aqueous dispersion of bituminous substances, such as asphalt, is caused to penetrate into the soil or mass to be treated, and to coagulate at the desired place or at the required depth, so as to produce a firm layer, which is impermeable or substantially impermeable to water and/or gases. In carrying out the process use is preferably made of a dispersion, of which the particle size of the disperse phase is smaller than the pores of the soil layer to be passed through, so that the dispersion may penetrate to the required depth without hindrance."

In the specification of Sullivan it is said:

"The essential objects of my invention are to provide in a manner as hereinafter set forth a thoroughly efficient grout and its method of application for use in connection with the grouting or drilling of earth's crevices, laminations, fissures, cracks, water flows, caving or heaving of earth or shale in sand, gravel or other loose formations; for sealing or blocking off crevices, loose rock formations, etc.; for solidifying soil, rock for rock, etc. shafts or cofferdams; for walling up the hole or holding formations in oil, gas or other drilling operations in connection with muds. * * *

"A grout in accordance with this invention consists of comminuted paper, rag pulp, wood pulp, asbestos or other fibrous compounds either alone or in combination with emulsified asphalt, liquid rubber or tar or precipitating agents working in connection with silicate of soda; such as calcium chloride, bicarbonate of soda. * *

"With respect to the application of the grout the comminuted paper, wood pulp, rag pulp, asbestos or fibrous body is forced into the strata with water or a mixture of emulsified asphalt or sodium silicate pumped into the strata and allowed to react with an admixture of comminuted paper already containing alkalies or brine which the paper or strata may contain and react with sodium silicate."

The gist of appellant's argument is that Sullivan "discloses but the conventional method of grouting *pre-existing cavities, fissures and cracks* with a non-penetrating fibrous or cementitious grouting material" (italics quoted); that this material differs sharply from the material whose use is taught by Van Hulst for permeating into the porous subsoil and thereafter coalescing therein to form an inner waterproof layer; that the essence of the invention is the penetration of the dispersion into the natural but small pores and minute interstices of the sandy soil before coalescence of the asphalt, as distinguished from the non-penetrating grouting process wherein a fibrous or cementitious filler is placed within preexisting cavities, etc., and the brief says:

"If the penetrating characteristics of the Van Hulst method as compared with the non-penetrating conventional 'grouting' process disclosed by Sullivan for blocking or filling existing crevices or cavities are constantly carried in mind, the inadequacy of the Sullivan application to support the counts should be apparent."

In his decision upon the motion to dissolve the Examiner of Interferences, inter alia, said:

" * * * The primary distinction between the disclosures is that Van Hulst limits his solidifying agent to an aqueous dispersion of asphalt with suitable coagulating agents while Sullivan provides in addition thereto certain fibrous fillers and other chemicals which may of themselves form a gel. In both cases the resulting mixture is forced into the porous ground under pressure after which it coagulates, solidifying the formation.

"While there is mention in the original Sullivan specification that any of the disclosed *chemicals* may be used alone or in combination it is clearly apparent that the only grouting preparation contemplated by Sullivan was a mixture of fiber, such as comminuted paper, with some chemical, such as emulsified asphalt. The question

presented is whether such a disclosure supports the claims which call for nothing but a bituminous dispersion such as emulsified asphalt. If the counts in issue are considered as specific claims limited to a bituminous dispersion alone the sufficiency of the Sullivan disclosure might be questioned, although it is pointed out that the fluid content of the Sullivan grout will inevitably penetrate on into the formation for some distance after the fiber content is deposited. However, there is nothing in the wording of any of the counts which can be construed as limiting them to the bituminous dispersion alone. Such claims are satisfied so long as there is a bituminous dispersion included as an effective element of a mixture used in this manner. There is no question but what Sullivan discloses the use of emulsified asphalt to this extent. * * *"

The board stated the same thought in somewhat different phraseology.

■ Whether, in view of Sullivan's teaching that any of the chemicals named by him may be used alone or in combination,

he would be entitled to make the counts if the word "alone" appeared therein in connection with using a bituminous dispersion, need not, we think, be determined. The fact is that the word "alone" does not so appear, and it is our view that the conclusion which appellant seeks could only be reached by construing the counts as though it did. We do not feel at liberty so to construe the counts. We agree with counsel for appellee that the counts are plain, and nothing has been advanced by appellant which convinces us that the usual and familiar rule that counts of an interference shall be given the broadest interpretation of which they are reasonably capable, should not apply in this case.

So applying it, we are of the opinion that Sullivan's disclosure supports the counts.

Accordingly, the decision of the Board of Appeals is affirmed.

Affirmed.

The late Presiding Judge GRAHAM sat at the hearing of this case, but died prior to the preparation of the opinion.